**KENTUCKY BAR ASSOCIATION,
Complainant,**

v.

**Perry B. NOBLE, Respondent.**

**No. 92–SC–846–KB.**

Supreme Court of Kentucky.

Dec. 17, 1992.

Order Denying Reconsideration
Feb. 16, 1993.

ORDER

The Kentucky Bar Association, as a result of charges instituted against the respondent, Perry B. Noble, has recommended that he be disbarred.

The respondent, Perry Noble, was found guilty of violating Disciplinary Rule 2–106 of the Code of Professional Responsibility which prohibits a lawyer from entering into an agreement for, charging, or collecting an illegal or clearly excessive fee. Respondent had entered into a contract with Mary K. Bransford which called for the payment of attorney's fees to the respondent at the rate of $110 per hour for three visits per day for two hours per visit with Mrs. Bransford in the nursing home which constituted a charge of a professional fee for nonprofessional services.

The respondent was further found guilty of violation of Disciplinary Rule 5–101 which prohibits a lawyer from accepting employment if the exercise of his professional judgment on behalf of his client will be or reasonably may be affected by his own financial, business, property, or personal interest. The respondent had prepared Mrs. Bransford's will which she executed naming respondent as executor. At that time the attorney knew that he would be asserting a substantial financial claim against the estate pursuant to the parties' contract. The respondent's role placed him in the position as a claimant and as the executor and was one of inherent and irreconcilable conflict of interest. Respondent asserted a claim for attorney's fees against the estate in the amount of $145,000.

The respondent was further found in violation of Disciplinary Rules 1–102(A)(4), (5) and (6) which prohibit an attorney from: engaging in conduct involving the dishonesty, fraud, deceit, or misrepresentation; engaging in conduct that is prejudicial to the administration of justice; and engaging in any conduct that adversely reflects upon his fitness to practice law.

The respondent was further in violation of Supreme Court Rule 3.130–3.3(a) which provides that a lawyer shall not knowingly make a false statement of material fact or law to a Tribunal. The respondent's assertion filed in the record of the District Probate Court reflected that the spent 7½ hours a day in the representation of Mrs. Bransford for a term of 195 days was a false statement of material fact and for which the District Court ordered respondent to return $145,000 to the Bransford Estate.

IT IS ORDERED:

1) Respondent, Perry B. Noble, is disbarred from the practice of law, which shall become effective with the entry of this order.

2) Respondent is directed to pay the costs of this action in the amount of $12,-400.76.

3) Respondent shall comply with SCR 3.390 regarding notice to his clients of his disbarment from the practice of law. Such notification shall be by letter duly placed in the United States mail within ten (10) days of the date of this order. Respondent shall simultaneously provide copies of all letters of notice to the Director of the Kentucky Bar Association.

This order shall be deemed a matter of public record.

All concur.

ENTERED: December 17, 1992.

/s/Robert F. Stephens
Chief Justice

ORDER

Movant, Kentucky Bar Association, filed a motion to reconsider the Court's Order of December 17, 1992 disbarring respondent from the practice of law and ordering him to pay the costs of the disciplinary proceedings. Our Order adopted the recommendation of the Board of Governors as to all violations and as to the terms of disbarment.

The KBA now asks the Court to reconsider our Order to add a requirement, not previously recommended, that respondent return $145,300 to the estate which he victimized before applying for reinstatement.

Pursuant to SCR 3.370(8) and (9), the Court may upon notification of the parties review a decision of the Board of Governors or may enter an order adopting the decision relating to all matters. The latter procedure was followed in the present case. To reconsider the discipline set out by our Order would enlarge on the KBA's recommendation without following the process in SCR 3.370(8) and (9).

As the Court did not review the case, we will not now reconsider the discipline prescribed. We deny the motion.

Repayment is a factor that may be considered and evaluated upon application for reinstatement, but that issue is not before our Court today.

ENTERED: February 16, 1993.

(s)Charles M. Leibson
Deputy Chief Justice